IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MYRNA GOMEZ SANCHEZ, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:04-0428 |
| | ) JUDGE ECHOLS/KNOWLES |
| GREGORIO HERNANDEZ ACEVEDO, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court following Judge Echols' Order entered July 29, 2005 (Docket No. 35), which referred this matter to the undersigned for a Show Cause Hearing. As Judge Echols noted in that Order, Plaintiff had filed a "Motion For Sanctions And For Attorneys' Fees," after Defendant apparently failed to abide by an Agreed Order and Judgment entered May 18, 2005 (Docket No. 33).

Judge Echols' Order set the Show Cause Hearing for August 8, 2005, at 1:30 p.m. Defendant subsequently filed a "Motion to Continue Hearing," which sought a continuance of the Hearing based upon several grounds. Docket No. 36. The Motion stated in part that Defendant's counsel had a trial scheduled in state court in Franklin, Tennessee, on August 8 at 1:00 p.m. The Motion also, however, stated that Defendant was with the children in Mexico, that Defendant had retained local counsel in Mexico, and that "Defendant is now operating under the advice of his local counsel in Mexico." *Id*. The Motion further stated, "It is my understanding that local counsel [in Mexico] has advised him not to place the children in the care

of the mother." *Id*.

On August 4, 2005, the undersigned entered an Order granting the Motion to Continue the Show Cause Hearing for the sole reason that Defendant's counsel had a previously-scheduled trial in state court. The undersigned's Order further stated as follows:

> The Court notes that the conflict of Defendant's counsel does not appear to be the only potential problem in connection with the Show Cause Hearing. The statements made in the Motion to the effect that Defendant "will not be able to attend the Hearing" on August 8, apparently because he [*sic*] "operating under the guidance of his local counsel" in Mexico are disturbing to the Court. As discussed above, Defendant was a party to an Agreed Judgment previously entered in this case. Defendant has clearly submitted himself to the jurisdiction of this Court, and he cannot simply ignore his previous agreements and the Orders of this Court, regardless of the advice he may be obtaining from his counsel in Mexico. The Court expects Defendant's counsel will advise Defendant, in the strongest terms possible, that he is expected to be present at the Show Cause Hearing as required by Judge Echols' Order, and that his failure to attend that Hearing may well result in significant consequences, including his being held in contempt of Court.

Docket No. 37, p. 4.

The undersigned held the Show Cause Hearing on August 19, 2005. Despite Judge Echols' Order and the undersigned's Order referred to above, Defendant did not attend the Show Cause Hearing. At the Show Cause Hearing, Defendant's counsel made several arguments. He argued that Defendant had complied with the Agreed Judgment and Order, because he had returned the children to the home in Mexico he previously shared with Plaintiff, but that Plaintiff stated that she did not want the children. He argued that Defendant could not attend the Show Cause Hearing, because it would require him to enter the United States illegally. He further presented three (3) Exhibits, all in Spanish, which he stated showed that courts in Mexico had

2

given custody of the children to Defendant.

The arguments of Defendant's counsel are, however, unavailing. Defendant was required by Judge Echols' Order to attend the Show Cause Hearing. He did not do so. The statement of Defendant's attorney concerning his alleged compliance with the Agreed Order are blatant hearsay. Furthermore, the undersigned finds it difficult to understand why Defendant could not have legally come into the United States to attend the Hearing. In this regard, the Court notes that Defendant never filed a Motion to Continue the Hearing based upon the grounds that he needed additional time to obtain a passport or to otherwise make arrangements to attend the Hearing. In fact, as discussed above, it appeared from the "Motion to Continue Hearing" that Defendant had simply decided not to come back for this Hearing. Finally, counsel for Defendant were unable to explain to the satisfaction of the Court why the documents that they presented in Spanish could not have been translated into English for consideration by the Court.

For the foregoing reasons, Plaintiff's "Motion For Sanctions And For Attorneys' Fees" (Docket No. 34) should be GRANTED to the following extent. As requested at the Hearing, Defendant should be ordered to immediately return the children to the custody of the mother, at a time and place designated by her. Additionally, Defendant should be ordered to pay Plaintiff's attorneys fees and expenses in the amount of $4,500.00 pursuant to 42 U.S.C. § 11607(b). That amount is properly supported by the Affidavit (Docket No. 39) and the Supplemental Affidavit (Docket No. 41) of Plaintiff's counsel.

No further sanctions should be levied upon Defendant because, despite Plaintiff's statement in the Motion for Sanctions that it sought that Defendant "be sanctioned in the most severe manner possible," Plaintiff's counsel did not specify any further sanctions she wished to

3

have imposed upon Defendant at the Hearing. Specifically, Plaintiff's counsel did not seek to have Defendant held in contempt of Court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge

4